GLORIA TSUI-YIP
WENDI OPPER UZAR
Attorneys for Plaintiff
Pausch Medical GmbH
Miskin & Tsui-Yip LLP
1350 Broadway, Suite 802
New York, New York  10018
(t)(212) 268-0900
gloria@mt-iplaw.com

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------X
PAUSCH MEDICAL GMBH,                    :
                                                                      :
                         Plaintiff,                         :
                                                                      :        Civil Action No. 14-cv-1945 (PAC)
         - against -                                        :
                                                                      :                         ECF CASE
PAUSCH LLC,                                            :
                                                                      :
                         Defendant.                      :
------------------------------------------------------X

# COMPLAINT

Plaintiff, Pausch Medical GmbH (hereinafter "Pausch" or "Plaintiff") complains of the defendant PAUSCH LLC (hereinafter "P LLC" or "Defendant") as follows:

## THE PARTIES

1.     Plaintiff is a German entity organized and existing under the laws of Germany with its principle office at Graf-Zeppelin – Street 1, 91056 Erlangen, Germany.

2.     Defendant is a limited liability company organized under the laws of the State of Delaware, with its principle office at 808 Shrewsbury Ave, Tinton Falls, NJ 07724.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction under the provisions of the 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a).

4.	Defendant is subject to personal jurisdiction in this judicial district because Defendant, through its officers, agents and/or employees, transacts or does business in this District, including by soliciting business in and shipping goods into this District, and derives substantial revenue from intrastate and interstate commerce which has an effect in this District.

5.	Venue is proper in this District under 28 U.S.C. § 1391(b) and 1391(c).

## FACTS RELEVANT TO ALL CLAIMS

6.	Plaintiff's predecessor's use of the mark PAUSCH dates back to the 1930s, when the company was founded as "Hans Pausch Spezialwerkstätten für Elektro Medizin."

7.	Plaintiff and/or its predecessor has used the mark PAUSCH in the U.S. since at least 1975.

8.	Plaintiff has shipped and sold goods in connection with the PAUSCH mark in the U.S. since at least 1975.

9.	Plaintiff and/or its predecessor has manufactured, sold and distributed medical apparatus and components in the United States under the PAUSCH trademark since at least as early as 1975.

10.	The PAUSCH mark has been continuously used by Plaintiff and/or its predecessor, in commerce in good faith in connection with the manufacture, sale and distribution of medical apparatus and/or its components.

11.	The PAUSCH mark identifies Plaintiff and/or its predecessor as the source of origin of its medical apparatus and/or its components sold in the United States and worldwide.

12.	Plaintiff is the owner of the PAUSCH mark in the United States.

13.	Plaintiff's PAUSCH mark is valid and entitled to protection.

14. As Plaintiff and/or its predecessor has used the PAUSCH mark in commerce in the United States for more than thirty years, the mark is inherently distinctive.

15. Plaintiff's predecessor and Defendant's predecessor entered into a non-exclusive manufacturer and distributor relationship in or around 1979.

16. Plaintiff's predecessor first sold Defendant's predecessor medical apparatus and components manufactured by Plaintiff bearing Plaintiff's PAUSCH mark in 1979.

17. Plaintiff continues to this day to sell medical apparatus and components manufactured by Plaintiff with Plaintiff's PAUSCH mark to Defendant.

18. Unbeknownst to Plaintiff and without Plaintiff's authorization, on information and belief, Defendant filed a U.S. Trademark Application on October 18, 2010, and obtained Registration No. 4,062,355 for "PAUSCH" for "Medical X-ray apparatus" on November 29, 2011 (hereinafter " '355 Registration").

19. On information and belief, beginning sometime in 2013, Defendant began manufacturing medical apparatus and components not purchased from Plaintiff and affixing the PAUSCH mark thereto for sale and distribution in the United States.

## COUNT I
## COMMON LAW TRADEMARK INFRINGEMENT

20. This is a claim for common law trademark infringement and arises under the trademark laws of the United States, Section 43(a) of the Lanham Act, 15 U.S.C. § 1115(a) and 15 U.S.C. § 1117-18, inclusive.

21. Defendant has infringed, and is infringing, the PAUSCH mark in this District and elsewhere throughout the United States by distributing, marketing, advertising, offering for sale, and/or selling medical apparatus and components not manufactured by Plaintiff under the name PAUSCH without permission, authorization or license to so use the name and mark PAUSCH.

3

22. The use of Plaintiff's mark PAUSCH by Defendant in connection with medical apparatus and components not manufactured by Plaintiff is likely to deceive, or to cause confusion or mistake among consumers and purchasers as to the source of origin, sponsorship or association of Defendant's medical apparatus and components.

23. Defendant has no right, title or interest in the name and mark PAUSCH, nor in the use or inclusion of the name PAUSCH for medical apparatus and components not manufactured by Plaintiff.

24. On information and belief, Defendant had knowledge of Plaintiff's interest and goodwill in its trademark PAUSCH when Defendant appropriated and began using this term in connection with its medical apparatus and components manufactured by a third party.

25. Defendant's appropriation of the PAUSCH mark is therefore willful and deliberate, and is made with no other purpose but to trade on and to benefit from the reputation enjoyed by Plaintiff's PAUSCH mark.

26. Defendant's activities have caused, and if allowed to continue, will continue to cause, loss of sales to Plaintiff and mislead and divert its customers, all to Plaintiff's damage.

27. On information and belief, Defendant's activities have resulted in substantial profits for Defendant to which it is not entitled.

28. Defendant's unauthorized and unlicensed use of the mark PAUSCH in connection with medical apparatus and components not manufactured by Plaintiff is likely to deceive and to cause confusion and mistake.  Such unauthorized use by Defendant of Plaintiff's mark has caused and will continue to cause irreparable harm and has and will continue to wrongfully damage Plaintiff, in violation of 15 U.S.C. Sections 1114 and 1116, unless the Court enjoins Defendant from further commission of said acts.

29. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting of Defendant's profits. The foregoing activities of Defendant have damaged Plaintiff in an amount yet unknown.

30. Unless enjoined by this Court, Defendant will continue and expand their acts of infringement to Plaintiff's great and irreparable damage for which Plaintiff has no adequate remedy at law.

## COUNT II
## CANCELLATION OF FEDERAL TRADEMARK REGISTRATION

31. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 30 as if fully set forth herein.

32. This cause of action arises under trademark laws of the United States, Section 14 of the Lanham Act, 15 U.S.C. §1064.

33. The Court has jurisdiction over this cause of action pursuant to 15 U.S.C. §§ 1119 and 1121, and 28 U.S.C. §§ 1331 and 1338.

34. Plaintiff is damaged by Defendant's '355 Registration.

35. On information and belief, Defendant filed the trademark application in the USPTO that matured to the '355 Registration. No mention in the papers filed with the U.S. Patent and Trademark Office ("USPTO") that such use by Defendant was as an importer selling Plaintiff's products bearing the mark sought to be registered.

36. On information and belief, Defendant failed to advise the USPTO when they filed and during the course of the prosecution of the application that issued as the '355 Registration, that it was not the owner of the mark "PAUSCH" in the United States, and that it was really only a U.S. distributor of products made and sold by Plaintiff.

37. Plaintiff's predecessor created the mark "PAUSCH" in Germany and set up a company to market products using the mark throughout the world. Plaintiff obtained registration of the mark in Germany. Plaintiff's services and products that Plaintiff manufactured, sold and shipped to countries throughout the world, including the United States, bore the mark "PAUSCH".

38. Beginning in or about 1979, Defendant's predecessor became a distributor of Plaintiff's predecessor in the United States for its "PAUSCH" products and services. No right was given to Defendant to file for a trademark application in the United States for Plaintiff's mark "PAUSCH."

39. The '355 Registration has caused damage and injury to Plaintiff, since it leads persons to believe that Plaintiff is in some way associated with Defendant. The presence of a registration for "PAUSCH" in the name of Defendant on the Principle Register leads persons to believe that Defendant has the right to use that mark exclusively for "Medical X-Ray apparatus," and to exclude others from using the mark, including Plaintiff and its distributors and customers. Such registration is a continuing source of damage and injury to Plaintiff, and to Plaintiff's customers who want to sell Plaintiff's goods under the trademark "PAUSCH."

40. Plaintiff is entitled to an order for the cancellation of Defendant's '355 Registration pursuant to the provisions of 15 U.S.C. § 1064 accordingly.

## COUNT III
## FEDERAL UNFAIR COMPETITION

41. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42. This cause of action arises under the trademark laws of the United States, Section 43(a) of the Trademark Act, 15 U.S.C. 1125(a).

43. On information and belief, Defendant has induced or is inducing Plaintiff's customers, or its distributor's customers, to order Defendant's infringing products instead of Plaintiff's original PAUSCH products and services therefore passing off Defendant's infringing products as Plaintiff's products.

44. The foregoing activities of Defendant constitute federal unfair competition in passing off its products as those of Plaintiff's.

45. By reason of Defendant's acts of passing off its products as Plaintiff's PAUSCH products, Plaintiff has sustained and will continue to sustain serious and irreparable injury to its reputation and a loss of sales and profits which Plaintiff would have made but for said acts of Defendant.

46. On information and belief, Defendant's acts are deliberate and willful and, unless the Court enjoins Defendant from further commission of said acts, there is a substantial possibility and threat of continued or additional passing off of Plaintiff's PAUSCH mark for which Plaintiff is without an adequate remedy at law.

47. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting of the profits of Defendant. The foregoing activities of Defendant have damaged Plaintiff in an amount yet unknown.

<strong><u>COUNT IV</u></strong><br><strong><u>STATE UNFAIR COMPETITION</u></strong>

48. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 47 as if fully set forth herein.

49. This claim for relief arises under the laws of unfair competition of the State of New York and is hereby raised with the substantial and related claims under the Trademark Laws of the United States pleaded in Counts I, II and III herein.

50. On information and belief, Defendant's products and services confuse consumers and the public about the source of Defendant's products in this State and elsewhere.

51. On information and belief, through its wrongful acts, Defendant has appropriated to itself the goodwill associated with the PAUSCH mark and Defendant has palmed off its products as those marketed or sold by Plaintiff.

52. The foregoing activities of Defendant constitute unfair competition and unfair acts and practices in contravention of the laws of the State of New York.

53. On information and belief, Defendant's aforesaid conduct have wrongfully damaged Plaintiff and, unless restrained, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

54. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting of Defendant's profits.  The foregoing activities of Defendant has damaged Plaintiff in an amount yet unknown.

## COUNT V
## STATE INTENT TO DECEIVE

55. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 54 as if fully set forth herein.

56. This claim for relief arises under New York General Business Law Section 133 and is hereby raised with the substantial and related claim under the Trademark Laws of the United States pleaded in Counts I, II and III herein.

57. On information and belief, Defendant has, with intent to deceive and mislead the public, adopted and used the PAUSCH mark in connection with its medical apparatus and components not purchased from Plaintiff so as to mislead the public as to the identity of the source of its products and as to a connection between Defendant and Plaintiff.

58. The foregoing activities of Defendant violate Section 133 of the General Business Law of the State of New York.

59. On information and belief, Defendant' aforesaid conduct have wrongfully damaged Plaintiff and, unless restrained, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

## COUNT VI
## STATE DECEPTIVE ACTS AND PRACTICES

60. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 59 as if fully set forth herein.

61. This claim for relief arises under Section 349 of the General Business Law of the State of New York and is hereby raised with the substantial and related claim under the Trademark Laws of the United States pleaded in Counts I, II and III herein.

62. The foregoing activities of Defendant are in violation of Section 349 of the General Business Law of the State of New York.

63. On information and belief, Defendant's aforesaid conduct has wrongfully damaged Plaintiff and, unless restrained, will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law.

64. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting of Defendant' profits. The foregoing activities of Defendant have damaged Plaintiff in an amount yet unknown.

## COUNT VII
## COMMON LAW UNFAIR COMPETITION

65. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66. The foregoing activities of Defendant constitute common law unfair competition.

67. By reason of Defendant's acts of unfair competition, Plaintiff has sustained and will continue to sustain serious and irreparable injury to its reputation and a loss of sales and profits which Plaintiff would have made but for said acts of Defendant.  On information and belief, Defendant's acts are deliberate and willful and, unless the Court enjoins Defendant from further commission of said acts, there is a substantial possibility and threat of continued or additional unfair competition for which Plaintiff is without an adequate remedy at law.

68. Defendant has been unjustly enriched and Plaintiff is entitled to an accounting of Defendant's profits.  The foregoing activities of Defendant have damaged Plaintiff in an amount yet unknown.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. A judgment be entered that Plaintiff is the rightful owner of the PAUSCH mark in the United States for medical apparatus and components.

B. A judgment be entered that Defendant has infringed the PAUSCH mark;

C. A preliminary and permanent injunction enjoining Defendant, and its employees, officers, directors, agents, servants and all others in privity, from directly or indirectly infringing Plaintiff's PAUSCH mark, unfairly competing with Plaintiff, passing off of Plaintiff's medical apparatus and components in any manner, contributing to or participating in, the unauthorized reproduction and distribution to the public by sale or other transfer, unauthorized reproductions of medical apparatus and components incorporating Plaintiff's PAUSCH mark;

D. For an Order, pursuant to 15 U.S.C. § 1118 requiring destruction of all products within Defendant's possession, custody or control that infringe the PAUSCH mark, destruction of all sales, marketing, and promotional materials used for the advertising, distribution, offering for sale, and/or sales of said infringing items, and all forfeiture of all apparatus used for manufacture of said infringing items that are in Defendant's possession, custody or control;

E. Declaring this case exceptional by reason of Defendant's willful infringement and awarding Plaintiff attorney's fees incurred in prosecuting this action as provided for in 15 U.S.C. Section 1117;

F. Ordering an accounting for all of Defendant's profits and to assess Plaintiff's damages sustained as a consequence of the common law trademark infringement and unfair competition and increasing the damages awarded to Plaintiff to three times the amount found by reason of Defendant' willful continuing infringement as provided for in 15 U.S.C. Section 1117;

G. Awarding attorney fees, pre- and post- judgment interest and costs; and

H. For such other relief as this court shall deem just and equitable.

Dated: March 18, 2014
New York, New York

                                              s/ Gloria Tsui-Yip
GLORIA TSUI-YIP
WENDI E. OPPER
Miskin & Tsui-Yip LLP
1350 Broadway, Suite 802
New York, New York  10018
(T) (212) 268-0900
(F) (212) 268-0904
gloria@mt-iplaw.com

Attorneys for Plaintiff